**Carmen TIRADO, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 9189 (DNE).**

United States District Court, S.D. New York.

Aug. 8, 1988.

Binder & Binder, Hauppauge, N.Y. (Charles E. Binder, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (Sapna V. Raj, Sp. Asst. U.S. Atty., of counsel), Office of the Gen. Counsel, Dept. of Health and Human Services (Annette H.

Blum, New York City, Curtis Axelson, of counsel), for defendant.

## MEMORANDUM AND ORDER

### EDELSTEIN, District Judge:

Plaintiff Carmen Tirado has moved for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the government's position was substantially justified, the motion is denied.

### Background

On October 22, 1979, the plaintiff applied for disability benefits under the Social Security Act, alleging that she became disabled after undergoing a left radical mastectomy in September, 1978. Plaintiff also had suffered from a pulmonary embolism and cancer of the heart. Plaintiff was found to be disabled and received appropriate benefits. In 1982, however, plaintiff was ruled ineligible for disability benefits as it was found her physical condition no longer prevented her from engaging in substantial gainful activity. Plaintiff subsequently applied to have her benefits reinstated, contending that chemotherapy and radiation treatments following the mastectomy had immobilized her left arm. The Secretary of Health and Human Services (the "Secretary") denied her application initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), who, on May 26, 1983, held that plaintiff was not entitled to disability benefits. The Appeal's Council denied plaintiff's request to review the decision of the ALJ.

Plaintiff brought this action, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the Secretary's decision. While review was pending, Congress passed the Social Security Disability Benefits Reform Act of 1984 ("Reform Act"), see 42 U.S.C. § 421. Under the Reform Act, all reviews of denials of disability benefits pending on September 19, 1984 had to be remanded to the Secretary for reconsideration. The parties stipulated to such a remand pursuant to § 2(e) of the Reform Act, which this court so ordered on December 26, 1984.

Pursuant to § 2(d)(2)(D) of the Reform Act, the Social Security Administration ("SSA") reconsidered plaintiff's claim. The SSA informed plaintiff on December 12, 1986, that it had ruled that she was still disabled and the Secretary should not have terminated her benefits.

Plaintiff now moves this court for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d).

## I. EAJA

The EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> ... [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust.

Neither side argues that special circumstances exist in this case. Plaintiff must demonstrate, therefore, (1) that she is a "prevailing party" and, (2) the Secretary's position was not "substantially justified."

As this court finds that the Secretary's position was substantially justified, the court need not consider whether plaintiff was a prevailing party.

### a. Substantial Justification

Tirado contends that the government's position was not substantially justified because the Secretary failed to apply the "medical improvement standard" to plaintiff's application. Plaintiff's Memorandum at 3. The government argues that as the Secretary denied plaintiff benefits before passage of the Reform Act and before the application of the medical improvement standard was mandated, the Secretary's decision, under the facts of the case, was substantially justified. Defendant's Memorandum at 4.

"Substantially justified" is not defined in the EAJA. However, this Circuit has stated that the government's position is substantially justified if it was reasonable. *Boudin v. Thomas,* 732 F.2d 1107, 1116 (2d Cir.1984). The government's "position" means both its posture in the civil litigation and the Secretary's action that led to it. 28 U.S.C. § 2412 (d)(2)(D). The government has the burden of proof on the substantial justification question, and a strong showing must be made to meet that burden. *Environmental Defense Fund v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983).

Plaintiff contends that the Secretary was obliged to apply the medical improvement standard in considering her application. The medical improvement standard provides that the Secretary may terminate the benefits of a previously disabled individual "only upon substantial evidence that the individual's condition has improved to the point that he or she is no longer disabled, or that the initial finding of disability was erroneous." *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 936 (2d Cir.1984). The medical improvement standard, however, was not adopted by the Second Circuit until 1984, subsequent to the Secretary's consideration of plaintiff's application for restoration of benefits. *See id.* Previously, the Second Circuit had declined to resolve the question of what was the applicable standard. *See id.; Delamater v. Schweiker,* 721 F.2d 50, 54 (2d Cir.1983) (per curiam). Although other courts had adopted the medical improvement standard, *see Velazquez v. Heckler,* 610 F. Supp. 328, 330 (S.D.N.Y. 1984) (collecting cases), in the absence of guidance from the Second Circuit, the Secretary's use of the continuing disability standard was not unreasonable. The Secretary should not be required to be prescient regarding developments in the law.

The Secretary denied plaintiff's application by applying the continuing disability standard, which asks whether or not plaintiff's disability had ceased. *DeLeon,* 734 F.2d at 937. There is evidence which, under the continuing disability standard, substantially justifies the denial of plaintiff's application. Plaintiff's cancer was re-

moved by November 27, 1979 and x-ray treatments had good effects on her condition. *See* Record of Administrative Proceedings ("Record") at Exhibit 2. Plaintiff had no complaints of cough, dizziness or chest pain from her pulmonary embolism. *See* Record at Exhibit 2. Plaintiff also had slight movement of her left arm and full use of the right arm, the arm she used to write. Plaintiff also stated that she could use public transportation to get back and forth to work during non-rush hours.

The Secretary's denial of plaintiff's application occurred before passage of the Reform Act and before use of the medical improvement standard became mandated. At the time of the Secretary's decision, application of the continuing disability standard was not unreasonable. On remand, the Secretary applied the medical improvement standard and found that plaintiff was still under a disability and was entitled to benefits. Therefore, throughout this case, the Secretary acted reasonably. Accordingly, the court finds the defendant's position was substantially justified and denies the plaintiff's application.

SO ORDERED.